UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| LAWRENCE WHOLESALE, LLC, | ) |
| Plaintiff, | ) |
| vs. | ) No. 4:14-cv-00017-TWP-WGH |
| KAREN NICHOLSON, | ) |
| Defendant. | ) |

### ENTRY ON MOTION FOR JUDGMENT ON THE PLEADINGS

This matter is before the Court on Defendant Karen Nicholson's ("Ms. Nicholson") Motion for Judgment on the Pleadings on Plaintiff Lawrence Wholesale, LLC's ("Lawrence Wholesale") claim of breach of contract and unjust enrichment. (Filing No. 20). Lawrence Wholesale filed this action seeking to enforce a commercial guaranty agreement against Ms. Nicholson. For the reasons set forth below, Ms. Nicholson's Motion for Judgment on the Pleadings is **GRANTED** in part and **DENIED** in part.

### I. BACKGROUND

The following facts are from Lawrence Wholesale's Complaint and are accepted as true for purposes of this Motion. Ms. Nicholson is the President of Abilene TX Foods, Inc. ("Abilene"), a company organized under the laws of California and located in Kentucky. Ms. Nicholson is a resident of Indiana and signed a Guarantee of Payment ("Guaranty Agreement") on July 29, 2010, to induce Lawrence Wholesale to deliver goods and services to Abilene. (Filing No. 1, at ECF p. 2). Neither the agreement between Abilene and Lawrence Wholesale, nor the Guarantee Agreement, contained a choice of law provision. Ms. Nicholson agreed to guarantee the repayment

of the costs of the goods and services delivered to Abilene from Lawrence Wholesale. ([Filing No. 1, at ECF p. 2](#)). Abilene requested and received goods and services from Lawrence Wholesale from September 2010 to November 2010. ([Filing No. 1, at ECF p. 2](#)). As of January 31, 2013, Abilene was indebted to Lawrence Wholesale in the amount of $1,508,729.14. Lawrence Wholesale delivered Ms. Nicholson a demand letter on February 14, 2014, requesting payment to satisfy the total debt. ([Filing No. 1, at ECF p. 2](#)). On March 12, 2014, Lawrence Wholesale filed a Complaint against Ms. Nicholson for breach of contract and unjust enrichment. ([Filing No. 1, at ECF p. 3](#)). Lawrence Wholesale alleges that Ms. Nicholson breached the terms of the Guaranty Agreement by failing to repay the amounts owed by Abilene to Lawrence Wholesale and that Ms. Nicholson was unjustly enriched because, directly or through her interest in Abilene, she received and enjoyed a benefit from the delivery of the goods and services.

## II. LEGAL STANDARD

Fed. Civ. Proc. Rule 12(c) permits either party to move for judgment after the complaint and answer have been filed by the parties. Rule 12(c) motions are reviewed under the same standard as a motion to dismiss for failure to state a claim under Fed. Civ. Proc. Rule 12(b)(6). *Frey v. Bank One*, 91 F.3d 45, 46 (7th Cir. 1996). Rule 12(c) permits a judgment based on the pleadings alone, which include "the complaint, the answer, and any written instruments attached as exhibits." *N. Indiana Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (citations omitted). "[A] complaint must always . . . allege 'enough facts to state a claim to relief that is plausible on its face.'" *Limestone Development Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 803 (7th Cir. 2008) (*see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court views the facts in the complaint in the light most favorable to the nonmoving party and will grant the motion "only if it appears beyond doubt that the plaintiff cannot prove any facts that

would support [their] claim for relief." *Id*. The Court need not ignore facts set forth in the complaint that undermine the plaintiff's claim or give weight to unsupported conclusions of law. *Id*. To succeed, the moving party must demonstrate that there are no material issues of fact to be resolved. *Id*.

### III. DISCUSSION

Ms. Nicholson moves for judgment on the pleadings on two different grounds. First, she argues that Kentucky law applies to the parties' dispute and the Guaranty Agreement is not enforceable under Kentucky law. Second, she asserts that unjust enrichment is not an available remedy. Lawrence Wholesale argues that it is not clear from the Complaint which state's laws apply to the Guarantee Agreement, and that the case should proceed to discovery to establish these facts. These arguments are addressed in turn below.

**A. Choice of Law**

When a federal court hears a case in diversity, it applies the choice of law rules of the forum state to determine which state's substantive law applies. *Auto–Owners Ins. Co. v. Websolv Computing, Inc.*, 580 F.3d 543, 547 (7th Cir. 2009). Therefore, if the laws of more than one jurisdiction arguably could apply to particular case, federal courts must apply the forum state's choice of law rules. *Jean v. Dugan*, 20 F.3d 255, 260–61 (7th Cir. 1994) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941)). Accordingly, the Court will apply Indiana's choice of law rules to determine which state's law governs the substantive issues. Two contract-type theories have been presented before the Court: a breach of contract and unjust enrichment. *See Community Care Centers, Inc. v. Sullivan*, 701 N.E.2d 1234, 1239 (Ind. Ct. App. 1998) (describing claim for unjust enrichment as quasi-contractual in nature). Indiana courts apply the "most intimate contacts" test to resolve any choice of law issues in a contract action. *Nat'l Union*

*Fire Ins. Co. of Pittsburgh, PA v. Standard Fusee Corp.*, 940 N.E.2d 810, 815 (Ind. 2010) (citations omitted).

The Court must first determine whether a conflict of law actually exists before engaging in a choice of law analysis. *In re Griffin Trading Co.*, 683 F.3d 819, 824 (7th Cir. 2012). Ms. Nicholson states that the law of Kentucky should apply while Lawrence Wholesale argues that Indiana law should apply. Citing the Restatement of the Law, Second, Conflict of Laws § 194, Lawrence Wholesale purports that the rule of validation applies, being that if the Guaranty Agreement is invalid in Kentucky but valid in Indiana, then Indiana law applies. Lawrence Wholesale, however, cites no Indiana legal authority to support its argument. Thus, the Court finds this argument unpersuasive; precedent regarding choice of law indicates otherwise.

In Kentucky, a guaranty of payment is governed by Kentucky Revised Statute § 371.065 (1990):

> No guaranty of an indebtedness which either is not written on, or does not expressly refer to, the instrument or instruments being guaranteed shall be valid or enforceable unless it is in writing signed by the guarantor and contains provisions specifying the amount of the maximum aggregate liability of the guarantor thereunder, and the date on which the guaranty terminates.

The purpose of the statute is to protect guarantors from over-reaching guaranties and unintended obligations. *See Wheeler & Clevenger Oil Co. v. Washburn*, 127 S.W.3d 609, 615 (Ky. 2004) ("[The statute] is a consumer-protection provision designed to protect the guarantor by reducing the risk of a guarantor agreeing to guarantee an unknown obligation"). Thus, if a guaranty agreement does not comply with the statute, it is not valid nor enforceable.

In Indiana, a guaranty of payment is governed by the same rules applicable to other contracts. *Kruse v. Nat'l Bank of Indianapolis*, 815 N.E.2d 137, 144 (Ind. Ct. App. 2004). The Court looks at the intention of the parties, the nature and extent of the guarantor's liability based

4

on the terms of the contract, and any other writings executed simultaneously and related to the same transaction. *TW Gen. Contracting Servs., Inc. v. First Farmers Bank & Trust*, 904 N.E.2d 1285, 1288 (Ind. Ct. App. 2009). Indiana does not have consumer-protection safeguards for guaranty agreements similar to Kentucky. Therefore, because the laws of Kentucky and Indiana conflict, the Court will analyze Indiana's most intimate contacts test to determine the choice of law that applies to the parties' dispute.

### 1. Most Intimate Contacts

When the laws potentially governing a contract action do in fact conflict, Indiana courts apply the "most intimate contacts" test to resolve any choice of law issues. *Standard Fusee Corp.*, 940 N.E.2d at 815 (citing *W.H. Barber Co. v. Hughes*, 223 N.E.2d 417, 423 (Ind. 1945)). "[T]he test requires the court to analyze 'all acts of the parties touching the transaction in relation to the several states involved' and apply 'the law of that state with which the facts are in most intimate contact.'" *Nucor Corp. v. Aceros y Maquilas de Occidente, S.A. de C. V.*, 28 F.3d 572, 581 (7th Cir. 1994) (citing *Hughes*, 223 N.E.2d at 423). The Court will analyze the following factors to determine the most intimate contacts: (a) the place of contracting; (b) the place of contract negotiation; (c) the place of performance; (d) the location of the subject matter of the contract; and (e) the domicile, residence, nationality, place of incorporation, and place of business of the parties. *Am. Employers Ins. Co. v. Coachmen Indus., Inc.*, 838 N.E.2d 1172, 1178 (Ind. Ct. App. 2005).

Ms. Nicholson states that the Guaranty Agreement was executed in Kentucky and points to the first line of the Guaranty Agreement, which has Louisville, Kentucky inscribed in handwriting. Lawrence Wholesale purports that although the Guaranty Agreement contains the city, state, and date blanks at the top of the Guaranty Agreement, they appear to have been completed in Ms. Nicholson's handwriting. Lawrence Wholesale further purports that there is no

statement in the Guaranty Agreement to say where the guaranty was executed. The Court is not persuaded by this argument, and will not inquire into other possible meanings of the location when it is written in the Guaranty Agreement and it is clear on its face.

The place of contract negotiation is unknown. It is possible that the negotiations took place in Kentucky where the contract was signed; it is also possible that negotiations took place in Indiana or California where, respectively, Ms. Nicholson and Lawrence Wholesale reside. This factor, however, is not dispositive since Indiana courts "consider the various aspects of the transaction to determine the state with which it is more closely related." *Clow Corp. v. Ross Twp. School Corp.*, 384 N.E.2d 1082 (Ind. Ct. App. 1979). Indiana district courts make the same determination when one or two of the factors are not conclusive. *See Zimmer, Inc. v. Sharpe*, 651 F.Supp.2d 840, 849 (N.D. Ind. 2009) (when analyzing the most intimate contacts, the court found that "[n]either the place of contracting and nor the place of negotiation is determinative because these parties executed the employment agreements in [different] states;" the remaining factors, however, indicated that Louisiana had the most significant relationship).

Ms. Nicholson states that the place of performance is Kentucky. Lawrence Wholesale shipped the goods and services from various locations to Abilene's business address in Louisville, Kentucky. This is supported by Lawrence Wholesale's invoices. Ms. Nicholson asserts that the subject matter of the guaranty are the meat products shipped to Abilene's address in Kentucky. Lawrence Wholesale claims that the subject matter is the payment of the debt from Ms. Nicholson, who is an Indiana resident. The Court is not persuaded by Ms. Nicholson's argument. As the Complaint states, the purpose of the Guaranty Agreement was to induce Lawrence Wholesale to deliver the goods and services to Abilene. Ms. Nicholson's guaranty rendered the performance of the contract. The items delivered, the meats, are the subject matter of the Guaranty Agreement.

The location of the subject matter is Kentucky, where the meats were delivered. For the last factor, Ms. Nicholson is domiciled in Indiana and Lawrence Wholesale is a corporation organized in California.

Even viewing these facts in the light most favorable to Lawrence Wholesale, the Court finds that three of the five factors favor Kentucky more than any other state. No other state has a significant relationship with the execution of the Guaranty Agreement. The Court finds that Kentucky law applies to the parties' dispute.

**2. The Guaranty Agreement**

In order for a Guaranty Agreement to be valid under Kentucky law, one of three conditions must be met: (1) the guaranty must be on the instrument being guaranteed; (2) the guaranty of payment must specifically refer to the instrument being guaranteed; or (3) a guaranty of payment must be written and signed by the guarantor, must contain the maximum liability of the guarantor, and must contain the date on which the guaranty terminates. KRS § 371.065. Ms. Nicholson states that the Guaranty Agreement is not valid or enforceable because it does not comply with the statute. The Court agrees. The Guaranty Agreement fails to mention the maximum liability and a date of termination. Further, the Guaranty Agreement is not positioned on the instrument being guaranteed and does not make reference to any other instrument being guaranteed.

Lawrence Wholesale states that Guaranty Agreement is enforceable against Ms. Nicholson because the statute is meant to protect Kentucky residents rather than residents of other states. Lawrence Wholesale cites *Wallace Hardware Co. v. Abrams*, 223 F.3d 382 (6th Cir. 2000), to support its argument. The Court disagrees with Lawrence Wholesale's narrow interpretation of the statute. In *Wallace Hardware*, the Sixth Circuit acknowledged that the "statute on its face reflects the desire to protect against overbroad guaranties of indebtedness made without adequate

disclosure." *Id.* at 399. The Sixth Circuit held that Kentucky law did not apply because the parties' guaranty contained an enforceable choice of law provision for Tennessee, and not because the Kentucky statute was only applicable to Kentucky residents. Therefore, this Court holds that the Guaranty Agreement is not enforceable under Kentucky law.

**B. Unjust Enrichment**

To prevail on an unjust enrichment claim, Lawrence Wholesale must show existence of three elements: (1) benefit conferred upon defendant at plaintiff's expense; (2) a resulting appreciation of benefit by defendant; and (3) inequitable retention of benefit without payment for its value. *Collins v. Kentucky Lottery Corp.*, 399 S.W.3d 449, 455 (Ky. Ct. App. 2012) (citing *Jones v. Sparks*, 297 S.W.3d 73, 78 (Ky. Ct. App. 2009)). Unjust enrichment is an equitable doctrine "applicable as a basis of restitution to prevent one person from keeping money or benefits belonging to another." *Rose v. Ackerson*, 374 S.W.3d 339, 343 (Ky. Ct. App. 2012) (quoting *Haeberle v. St. Paul Fire & Marine Ins. Co.,* 769 S.W.2d 64, 67 (Ky. Ct. App. 1989)). Ms. Nicholson argues that Lawrence Wholesale conferred a benefit upon Abilene and not upon Ms. Nicholson. Further, Ms. Nicholson claims that unjust enrichment is not an available remedy when the parties have contracted.

Ms. Nicholson argues that Lawrence Wholesale does not allege that it conferred a direct benefit upon Ms. Nicholson; rather, the benefit was conferred upon Abilene. The Court disagrees. In its complaint, Lawrence Wholesale alleges that "Ms. Nicholson has been unjustly enriched because, directly or through her interest in Abilene, she has received and enjoyed the benefit of the delivery of the goods and services . . . without making payment to Lawrence Wholesale for such goods and services." (Filing No. 1, at ECF p. 3). Both parties agree that Ms. Nicholson was President of Abilene when Lawrence Wholesale delivered the meats to Abilene. Further,

Lawrence Wholesale claims that Ms. Nicholson was sole proprietor of Abilene. As Lawrence Wholesale states, its delivery of the goods and services increased Abilene's value and the value of Ms. Nicholson's ownership interest without providing any payment. In the Response to the Judgment on the Pleadings, Lawrence Wholesale included an email from Ms. Nicholson that acknowledged her duty to pay: "It is my intention of paying what [Abilene] owed the vendors at the time of the Writ. . . ." ([Filing No. 22, at ECF p. 9](Filing No. 22, at ECF p. 9)).

Ms. Nicholson cites Kentucky district court cases as persuasive authority to support that that Lawrence Wholesale has not demonstrated that a benefit was conferred directly upon Ms. Nicholson. Those cases, however, are factually different and demonstrate that in a claim for unjust enrichment, the plaintiff failed to show how a direct benefit was conferred upon the defendant. *See SAAP Energy v. Bell*, No. 1:12-cv-00098, 2013 U.S. Dist. LEXIS 122496 (W.D. Ky. Aug. 28, 2013) (no payment was made directly to the defendant and the plaintiff did not know what amounts the defendant may have received); *see 2815 Grand Realty Corp. v. Goose Creek Energy, Inc.* No. 7:08-cv-186, 2010 U.S. Dist. LEXIS 114054 (E.D. Ky. Oct. 26, 2010) (minority shareholders failed to plead an unjust enrichment claim against two individual defendants where minority shareholders purchased stock in the corporate defendant and the corporate defendant allegedly paid two individual defendants the money that should have been paid to the minority shareholders). Here, the pleadings support that Lawrence Wholesale delivered the meats directly to Abilene, and in turn, Ms. Nicholson, President and sole proprietor of Abilene, failed to make any payments.

Ms. Nicholson argues that unjust enrichment under Kentucky law has no application in a situation where there is an explicit contract which has been performed. Ms. Nicholson cites case law where the court found an enforceable contract between the parties and, due to the explicit terms of the contract, the plaintiff was not entitled to unjust enrichment. In *Codell Const. Co. v.*

9

*Com.*, 566 S.W.2d 161, 164 (Ky. Ct. App. 1977), the court held that an express disclaimer in a contract precludes recovery for *extra* compensation in the form of unjust enrichment. The court in *Tractor & Farm Supply v. Ford New Holland*, 898 F.Supp. 1198, 1206 (W.D. Ky. 1995) held that "unjust enrichment cannot be properly applied to hold [d]efendant liable for services for which it had never been on notice that it must pay, especially given the express terms of the agreement." Finally, in *Shane v. Bunzl Distrib. USA, Inc.*, 200 Fed. App'x 397, 404 (6th Cir. 2006), an unjust enrichment claim was not available where a contract and the agreement between the parties was expressly stated in a letter.

Given that no valid Guaranty Agreement exists, the Court believes Lawrence Wholesale made a plausible claim for unjust enrichment. Unjust enrichment is predicated from a contract implied by law. *See Sparks Milling Co. v. Powell*, 143 S.W.2d 75, 76 (Ky. 1940). The claim for unjust enrichment is a legal fiction created to permit recovery where equity says there should be recovery, although there is no recovery in contract. *Perkins v. Daugherty*, 722 S.W.2d 907, 909 (Ky. App. 1987). Further, under Fed. R. Civ. P. 8(d)(3), Lawrence Wholesale "may state as many separate claims or defenses as it has, regardless of consistency." The relief sought may "include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(3). The Court finds support in *Holley Performance Products, Inc. v. Keystone Auto. Operations, Inc.*, No. 1:09-CV-00053-TBR, 2009 WL 3613735, at *5 (W.D. Ky. Oct. 29, 2009):

> The standard for a motion to dismiss for failure to state a claim requires only that the plaintiff allege sufficient facts "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly,* [550 U.S. at 555]. The Court need not at this time determine whether or not there is in fact a viable contract claim which destroys any claims for equitable relief . . . . [T]he burden on the plaintiff is only to allege sufficient facts to show unjust enrichment is a plausible claim for relief.

At this stage of the litigation, the Court cannot say beyond doubt that Lawrence Wholesale cannot prove any facts that would support its equitable claim for relief. Lawrence Wholesale has pleaded sufficient facts to demonstrate that a benefit was conferred upon Ms. Nicholson, which resulted in an appreciation of benefit, and inequitable retention without payment of the value would be unjust. Additionally, as Lawrence Wholesale states, discovery would give Ms. Nicholson the opportunity to challenge her liability. The Court holds that Lawrence Wholesale stated a plausible claim of unjust enrichment against Ms. Nicholson.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Ms. Nicholson's Motion for Judgment on the Pleadings is **GRANTED** as to the breach of the Guaranty Agreement claim and **DENIED** as to the unjust enrichment claim.

Date: 3/10/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

David Cooper Robertson
STITES & HARBISON, PLLC
crobertson@stites.com

Erika R. Barnes
STITES HARBISON PLLC
ebarnes@stites.com

Emily Rachael Dahlman Warf
STOLL KEENON OGDEN PLLC (Louisville)
rachael.warf@skofirm.com

Lea Pauley Goff
STOLL KEENON OGDEN PLLC (Louisville)
lea.goff@skofirm.com

Matthew Ryan Lindblom
STOLL KEENON OGDEN PLLC -- Louisville
matthew.lindblom@skofirm.com